# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50271

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2014

Lyle W. Cayce
Clerk

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
Successor to Transcontinental Insurance Company,

Plaintiff-Appellee

v.

HECTOR GIRON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-405

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Hector Giron was injured by an electrical shock while working on a construction site. As a result, Giron's left hand had to be amputated above the wrist and he suffered severe burns to his right arm and hand. Giron was awarded lifetime insurance benefits from the Texas Workers' Compensation Division based on a total loss of use of his upper extremities. National Fire Insurance Company of Hartford appealed the decision of the state agency in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50271

federal district court.  At trial, a jury found that Giron had not suffered a total loss of use of his right hand and was not eligible for lifetime insurance benefits. Giron's motion for judgment as a matter of law was denied and he subsequently appealed.

We review a district court's determination on a motion for judgment as a matter of law de novo and we apply the same legal standard as the trial court. *Flowers v. So. Reg'l Physician Servs., Inc.,* 247 F.3d 229, 235 (5th Cir. 2001). The entry of judgment as a matter of law is appropriate when a party has been fully heard on an issue during a jury trial and a review of the entire record shows no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party on the issue.  Fed. R. Civ. P. 50(a).  We make all reasonable inferences for the non-moving party, but we do not make credibility determinations or weigh the evidence.  *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

After reviewing the record in this matter, we conclude that there was sufficient evidence presented at trial to support the finding that Giron was not entitled to lifetime insurance benefits because he could obtain and retain employment requiring the use of his right hand.  *See* Tex. Lab. Code. Ann. § 408.161(a)(3) (requiring "loss of both hands at or above the wrist" to qualify for lifetime insurance benefits); and Tex. Lab. Code. Ann. § 408.161(b) ("the total and permanent loss of use of a body part is the loss of that body part.").

Accordingly, we AFFIRM the judgment of the district court.

2